# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00402-CR

---

**Sylvia Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-16-300480,
### THE HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Sylvia Alexander was placed on deferred adjudication community supervision after she pled guilty to assaulting a security officer. *See* Tex. Penal Code § 22.01(a)(1), (b)(4); Tex. Code Crim. Proc. art. 42A.101.[1] Subsequently, the trial court granted the State's third motion to adjudicate after finding that appellant had violated the conditions of supervision.[2] *See* Tex. Code Crim. Proc. art. 42A.108. The court adjudicated appellant guilty,

---

[1] At the time appellant was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the Code of Criminal Procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the Code of Criminal Procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the re-codification was a non-substantive revision of the community supervision laws, we cite to the current statutes in this opinion.

[2] The State filed two prior motions to adjudicate. After each motion, the trial court continued appellant on supervision, modifying the terms and conditions of her supervision. The most recent modification added the condition that appellant complete a substance-abuse

revoked her community supervision, and assessed her punishment at three years' confinement in the Texas Department of Criminal Justice. *See id.* arts. 42A.108, 42A.110; Tex. Penal Code § 12.34.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of her right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the adjudication proceedings and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27

---

treatment program in an Intermediate Sanction Facility. *See* Tex. Code Crim. Proc. art. 42A.302, .601; Tex. Gov't Code § 509.001(1)(F). The State's third motion to adjudicate alleged that appellant failed to complete that treatment. At the conclusion of the adjudication hearing, the trial court found that appellant had violated the terms and conditions of her community supervision "in that she failed to complete the ISF program."

(Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[3]

However, through our independent review of the record, we note that the trial court's written judgment adjudicating guilt contains non-reversible error. The judgment states that the "Statute for Offense" is "22.01(b)(4) Penal Code." Penal Code section 22.01(b)(4) establishes that the offense of assault causing bodily injury is a third-degree felony "if committed against a person the actor knows is a security officer while the officer is performing a duty as a security officer," Tex. Penal Code § 22.01(b)(4), which is the case here. However, the applicable statutory provisions for the assault offense for which appellant was convicted include section 22.01(a)(1) of the Penal Code, the statutory provision that defines the offense of assault causing bodily injury as charged in this case.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment adjudicating guilt to reflect that the "Statute for Offense" is "22.01(a)(1), (b)(4) Penal Code." As modified, the trial court's judgment adjudicating guilt is affirmed.

---

[3] Appointed counsel certified to this Court that he advised appellant of her right to seek discretionary review pro se should this Court declare her appeal frivolous. In addition, appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of her right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Modified and, as Modified, Affirmed

Filed:   March 19, 2020

Do Not Publish